## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A.C., Jr.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

April 30, 2018

Court of Appeals Case No.
92A04-1711-JV-2812

Appeal from the Whitley Circuit Court.
The Honorable Matthew J. Rentschler, Judge.
Trial Court Cause No.
92C01-1703-JD-44

**Sharpnack, Senior Judge**

## Statement of the Case

[1] A.C., Jr. appeals the juvenile court's dispositional order after he admitted to violating the terms of his probation. We affirm.

# Issue

A.C. raises one issue, which we restate as: whether the juvenile court abused its discretion by placing A.C. in the custody of a juvenile facility in the Indiana Department of Correction.

# Facts and Procedural History

On March 11, 2017, seventeen year old A.C. smoked marijuana and then drove off to meet friends. A police officer stopped A.C. and determined he showed signs of intoxication. A.C. had a glass pipe and a small amount of marijuana in the car.

The State filed a petition alleging that A.C. was a juvenile delinquent because he committed acts that, if committed by an adult, would have constituted operating a vehicle with a controlled substance in the body, a Class C misdemeanor, and possession of paraphernalia, a Class A misdemeanor. A.C. later conceded that he committed the acts alleged in the State's petition and was a juvenile delinquent.

During an April 24, 2017 hearing, the juvenile court ordered A.C. committed to a juvenile facility in the Indiana Department of Correction, with the commitment suspended to probation. A.C. would serve 120 days of his probation on home detention, and the term of probation would last until A.C.'s eighteenth birthday. The court informed A.C. that he was being placed on "zero tolerance" probation, and any violation of the terms of probation would result in A.C. being placed in "secure detention." Tr. Vol. II, pp. 14-15.

Among other terms of A.C.'s probation, he was barred from committing additional delinquent acts.

[6] A.C. finished his term of home detention but remained on probation. He moved to Huntington County. On October 18, 2017, the juvenile court held a detention hearing in A.C.'s case. The State alleged A.C. had violated the terms of his probation by committing an act that, if committed by an adult, would have constituted conversion. Specifically, he attempted to steal a pair of shoes in Allen County. A.C. was incarcerated in the Allen County Juvenile Center.

[7] On October 30, 2017, the juvenile court held another hearing. A.C. admitted he had violated the terms of his juvenile probation. The court ordered that A.C. be placed in the custody of the Indiana Department of Correction. In the dispositional order, the court noted residential placement and other local alternatives "have been unsuccessful in deterring his delinquent activity." Appellant's App. Vol. II, p. 59. This appeal followed.

## Discussion and Decision

[8] A.C. argues the juvenile court should have placed him in a county juvenile facility rather than the Indiana Department of Correction's juvenile facility. Once a juvenile court determines a child is a delinquent, the court must hold a dispositional hearing to consider, among other topics, "[a]lternatives for the care, treatment, rehabilitation, or placement of the child." Ind. Code § 31-37-18-1 (1997). In deciding where a child should be placed, the court must consider the following:

If consistent with the safety of the community and the best interest of the child, the juvenile court shall enter a dispositional decree that:

(1) is:

(A) in the least restrictive (most family like) and most appropriate setting available; and

(B) close to the parents' home, consistent with the best interest and special needs of the child;

(2) least interferes with family autonomy;

(3) is least disruptive of family life;

(4) imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and

(5) provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

Ind. Code § 31-37-18-6 (1997). Without question, the statute requires the juvenile court to select the least restrictive placement in most situations; however, the statute also permits a court to impose a more restrictive placement under certain circumstances. *J.S. v. State*, 881 N.E.2d 26, 28-29 (Ind. Ct. App. 2008).

[9] Subject to these statutory considerations, we review the trial court's choice of disposition for an abuse of discretion. *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006). An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *D.B. v. State*, 842 N.E.2d 399, 404-05 (Ind. Ct. App. 2006).

[10]   The juvenile court chose a more restrictive placement in sending A.C. to the Department of Correction's juvenile facility, and A.C. argues the evidence does not support that decision. We disagree. Prior to the current case, A.C. had been adjudicated a juvenile for acts that, if committed by an adult, would have been two counts of possession of paraphernalia, a Class A misdemeanor, possession of a synthetic drug, a Class A misdemeanor, and theft, a Class A misdemeanor. Not counting the alleged act for which his probation was revoked, A.C. has committed six acts in three years. It is particularly troubling that A.C. continues to commit offenses involving controlled substances despite repeated opportunities to reform.

[11]   Further, the evidence supports the trial court's determination that less restrictive alternatives had failed to deter A.C. from misconduct. A.C. was sent to a residential placement because of a prior juvenile case and had received substance abuse treatment at that time. In the current case, he was placed on zero tolerance probation instead of being sent to the Department of Correction, only to commit a new offense (conversion) within six months. Neither of these alternatives deterred A.C. from misconduct. Sending A.C. to the Department of Correction was not against the logic and effect of the facts and circumstances before the trial court because the disposition was consistent with the safety of the community and A.C.'s best interests. *See C.C. v. State*, 831 N.E.2d 215, 219 (Ind. Ct. App. 2005) (no abuse of discretion in sending juvenile to Department of Correction; prior less restrictive placements had not deterred misbehavior

and juvenile had been warned that further misconduct would result in placement with Department).

# Conclusion

For the reasons stated above, we affirm the judgment of the juvenile court.

Affirmed.

Baker, J., and May, J., concur.